# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW W. MARTIN, | ) 1:11-cv-01461-AWI-DLB (PC) |
| | ) |
| Plaintiff, | ) ORDER GRANTING IN PART |
| | ) PLAINTIFF'S MOTION TO COMPEL |
| vs. | ) |
| | ) ORDER STAYING DEFENDANTS' |
| F. CHAVEZ et al., | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| Defendants. | ) (ECF No. 44) |

## I.    PROCEDURAL HISTORY

Plaintiff Andrew W. Martin ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff is proceeding on her First Amended Complaint, filed, September 6, 2012.[1]

Pursuant to the Court's March 12, 2013, order, this action is proceeding against Defendant A. Flores for excessive force, in violation of the Eighth Amendment, and against Defendants Smith and Krpan for deliberate indifference to a serious medical need, in violation of

---

[1] Plaintiff is a male to female transgender inmate.  On December 17, 2013, the Court granted Plaintiff's motion for reconsideration for referring to Plaintiff with the feminie pronoun.

1

the Eighth Amendment.[2]  (ECF No. 13.)   The discovery cut-off date was December 1, 2013. (ECF No. 28.)

On November 25 , 2013, Plaintiff filed a motion to compel the production of discovery documents from defendants.  (ECF No. 44.)  Defendants opposed the motion on December 9, 2013.  On December 9, 2013, Plaintiff filed a notice that Defendants initial disclosures did not follow the Court's discovery order and Defendants responded on  December 20, 2013.  (ECF Nos. 46 & 50.)   The motion is now deemed submitted pursuant to Local Rule 230(*l*).

## II.    MOTION TO COMPEL LEGAL STANDARD

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Defendants are required to "furnish such information as is available" to him in responding to Plaintiff's interrogatories, and documents which are in his "possession, custody or control" in responding to Plaintiff's request for the production of documents.  Fed. R. Civ. P. 33(a), 34(a).  If Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden to  demonstrate  why  the  objection  is  not  justified.    Plaintiff  must  inform  the  court  which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified.

## III.    DISCUSSION

### A.    Legal Standard

A party may serve on any other party a request within the scope of Rule 26(b) to produce and  permit  the  requesting  party  or  its  representative  to  inspect,  copy,  test,  or  sample  the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is

---

[2] On February 21, 2014, the Court dismissed Defendants Borges and Cope from this action, without prejudice, for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a.  (ECF No. 62.)

deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response.  *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).  As with previously discussed forms of discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149.

### B.   Plaintiff's Request for Production of Documents

Plaintiff moves to compel Defendants to produce documents responsive to requests 1-6 in her motion to compel.

**POD 1:** Copy of yard video that Defendant A. Flores reviewed and later took to ISU evidence locker, on 01-04-11, Incident # SCC-TVO-11-01-0002.

**Response:** Defendants initially objected to this request on the ground that Plaintiff, a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), has limitations on what items of personal property he may possess. Defendants further objected

3

on the ground that the video may implicate safety and security of the institution because it would reveal the location of the yard surveillance cameras as well as the field of view captured by that camera.  If an inmate possessed knowledge of a particular camera's scope of view, the inmate could purposely evade the camera's detection, which would compromise the safety and security of the institution. Plaintiff's reasons for why he needs the video do not overcome the objection concerning safety and security.

**Ruling:** Plaintiff's motion to compel is granted, in part.

Plaintiff is no longer in custody and Defendants' security concerns regarding personal possessions are no longer an issue.[3]  The videotape in question shows the incidents related to the alleged use of excessive force by Defendant Flores and is material to Plaintiff's claim.   In consideration of Defendants' general security concerns, Defendants shall make the video available to Plaintiff to view on a mutually agreed upon date and time at the Office of the Attorney General located at 1300 I Street, Sacramento, California, and the video shall be available to Plaintiff if the case proceeds to trial.

**POD 2:** Plaintiff requests a copy of the video Lt. McVey and Sgt. Robinson, Jr., took of Plaintiff's injuries on 01-05-13, including oral interview by Plaintiff to Lt. McVey.

**Response:** Defendants object to this request on the ground that Plaintiff, a prisoner in the custody of the CDCR, has limitations on what items of personal property he may possess. Without waiving this objection, Defendants will make the video available to the Litigation Coordinator at the institution where he is incarcerated. Plaintiff will be permitted to view the video by submitting a request to his Correctional Counselor.

**Ruling:** The Court grants Plaintiff's motion to compel.

---

[3] Plaintiff notified the Court of her release from custody on December 23, 2013.  (ECF No. 51.)

As previously stated, safety concerns or personal property limitations are no longer an issue now that Plaintiff is no longer in custody.  Defendants are ordered to produce a copy of the videotape.

**POD 3:** Plaintiff requests a copy of the video from CDC-602 hearing held on or about 02-16-11, by Lt. L. Meunier, cameraman was Defendant E. Borges, Inmate Appeal # SCC-X-11-00109.

**Response:** Defendants object to this request on the ground that Plaintiff, a prisoner in the custody of the CDCR, has limitations on what items of personal property he may possess. Moreover, it calls for documents protected from disclosure by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043.  Defendants further object to this request because it is vague and ambiguous, and may seek documents protected from disclosure based on safety and security concerns. To the extent Plaintiff is seeking a portion of an appeal inquiry interview, that is protected from disclosure by safety and security concerns and also by regulation.  Without waiving these objections, Defendants do not have any such video in their custody or control.

**Ruling:** Boiler plate assertions of privilege will not suffice to assert a privilege, however failure to produce a privilege log within the time line required to respond to the request for production does not waive the privilege.  *Burlington Northern & Santa Fe Ry. Co.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Additionally, the District Court has wide latitude in controlling discovery.  *In re State of Arizona*, 528 F.3d 652, 655 (9th Cir. 2008); *Burlington Northern*, 408 F.3d at 1147.  While Plaintiff argues that the documents requested are clearly not privileged, the Court is mindful of the fact that some of the documents responsive to this request may in fact contain information that, if turned over to an inmate, could seriously jeopardize the safety and security of both inmates and personnel within the institution.  Not wanting any untoward consequences to result from procedural ineptitude and, realizing the shared interests that arise since Defendants are CDCR employees, CDCR and Defendants are ordered to work together to

5

locate documents responsive to Plaintiff's request.    They shall redact any confidential information.  Defendants are ordered to produce any responsive documents that exist.

**POD 4:** Plaintiff requests a complete and full copy of her medical records, including: medical; dental; and mental health records between 01-04-11 through 11-08-12.

**Response:** Defendants object to this request as being overbroad as to time and subject matter. In response to Plaintiff's request for dental and mental health records, Defendants further object on the grounds that the request is irrelevant and unlikely to lead to the discovery of admissible evidence. Moreover, Plaintiff is able to obtain on her own copies of her medical records by submitting a request for an Olsen Review. Without waiving these objections and out of courtesy to Plaintiff, Defendants produced Plaintiff's relevant medical records for a six month period following the January 4, 2011 incident, as follows:

1. Interdisciplinary Progress Notes (CDCR Form 7230), dated January 7, 2011; January 27, 2011; January 28, 2011, March 7, 2011; April 27, 2011; May 24, 2011; and June 21, 2011.

2. Notes from visit with Dr. Clair, dated January 5, 2011, and January 21, 2011.

3. Notes from visit with Dr. Krpan, dated January 12, 2011.

4. Notes from visits with Dr. Thomatos, dated January 27, 2011; January 28, 2011; and March 7, 2011.

5. Health care services request forms (CDCR Form 7362), dated January 17, 2011; January 21, 2011; January 22, 2011; January 24, 2011, and March 4, 2011.

6. Inmate Request for Interview, Item, or Service (CDCR Form 22), dated March 4, 2011.

7. Inmate Request for Interview, dated January 22, 2011.

8. Encounter Forms, dated January 4, 2011 (2 pages), and January 20, 2011 (2 pages)

.**Ruling:** Plaintiff's request for the production of documents is granted, in part.

These documents appear to be relevant and reasonably calculated to lead to the discovery of admissible evidence.  However, Plaintiff's request is overly broad as it goes beyond the time of the alleged deprivations contained in the complaint.  Accordingly, the Court will narrow the request. Defendants are ordered to produce any responsive documents, relating to Plaintiff, created from January 4, 2011 through January 4, 2012.

**POD 5:** Plaintiff requests all documents as it relates to the rolling-blackouts − staff reduction that was in place on 01-04-11, including guidelines and all policy statements.

**Response:** Defendants object to this request on the grounds that it is vague, overly broad, compound and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants do not have any responsive documents in their custody or control.

**Ruling:** Plaintiff's request for the production of documents is granted.

As discussed in above, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149.  Policies related to the use of force during a staff reduction are clearly relevant to this action.  Defendants are ordered to produce any responsive documents that may exist.

**POD 6:** Plaintiff requests all other written materials that might reveal official duties or policies of defendants at the relevant times, written accounts of the incident at issue, and the names of any other knowledgeable or responsible person.

**Response:** Defendants object to this request on the grounds that it is vague, overly broad as to time and subject matter, compound, and not reasonably calculated to lead to the discovery of admissible evidence. Without a more specific request, Defendants are unable to respond.

**Ruling:** Plaintiff's motion to compel is granted, in part.

Plaintiff's request is vague and overly broad. Accoringly, the Court will narrow Plaintiff request in light of her *pro se* status. Defendants are ordered to produce all written incident reports related to Plaintiff's excessive force and deliberate indifference claims.

## IV.   SANCTIONS

Plaintiff seeks sanctions for his motions to compel under Federal Rule of Civil Procedure 37. Rule 37(a)(4) permits plaintiff to seek an award of reasonable expenses incurred in filing his motion, if his motion is granted in whole or in part, or if the discovery sought is served after the motion is filed. Fed. R. Civ. P. 37(a)(4). The court may decline to award such expenses where the movant failed to make a good faith effort to resolve the dispute without court intervention, where the opposing party's position was substantially justified, or where other circumstances make the award unjust. *Id.* Rule 37(d) permits plaintiff to seek sanctions for the complete failure to respond to interrogatories and requests for the production of documents. Fed. R. Civ. P. 37(d). Such a motion must be accompanied by a certification that the movant made a good faith effort to resolve the dispute without court intervention. *Id.*

With respect to Rule 37(a)(4), plaintiff's motion to compel was granted in part. However, much of the Court's ruling depended on Plaintiff's release from custody, which occurred after the discovery period ended. As a result, and given that plaintiff is proceeding *pro se,* the expenses incurred by defendants in opposing the motion undoubtably outweigh the expenses incurred by plaintiff in filing the motions to compel. Accordingly, the Court denies Plaintiff's motions for sanctions.

## V.   CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's motion to compel the production of documents filed November 25, 2013, is granted in part as follows:

///

8

a.      Plaintiff's request for PODs 1-6 are granted, in part;

b.      Defendants shall produce the documents within thirty (30) days from the date of service of this order;

2.      Plaintiff's motion for sanctions is DENIED; and

3.      Defendant's motion for summary judgment is stayed pending the resolution of discovery matters.

IT IS SO ORDERED.

Dated:   **July 9, 2014**                        /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE

9