1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| ANDREW W. MARTIN, | Case No.  1:11-cv-01461 AWI DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |
| v. | [ECF No. 65] |
| A. FLORES, et al., | |
| Defendants. | |

17        Plaintiff Andrew Martin ("Plaintiff") is proceeding pro se and in forma pauperis in this

18 civil action pursuant to 42 U.S.C. § 1983.

19        On August 8, 2014, Defendants moved for a protective order to limit the disclosure of a

20 confidential report.  Plaintiff did not oppose the motion.  The matter is deemed submitted

21 pursuant to Local Rule 230(l).

22        Upon motion by a party or by the person from whom discovery is sought, "the court may,

23 for good cause, issue an order to protect a party or person from annoyance, embarrassment,

24 oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c).  To demonstrate good

25 cause, the moving party must make a clear showing of a particular and specific need for the

26 order.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

27        Here, Plaintiff filed a motion to compel production of documents on November 25, 2013.

28 The Court partially granted and partially denied the motion on July 10, 2014.  Defendants were

1

directed to produce certain documents.  With respect to Request No. 6 of Plaintiff's Request for Production of Documents, as modified by the Court in its order regarding Plaintiff's motion to compel, Defendants were ordered to produce all written incident reports relating to Plaintiff's excessive force and deliberate indifference claims.  Defendants state they are in possession of a confidential report which may be responsive.  The report relates to an investigation conducted into inmate Rodriguez, who was charged with battering Plaintiff on January 4, 2011.  Defendants claim the report contains confidential information concerning statements made by two inmate witnesses who were near Plaintiff when he was attacked.  Defendants assert that providing the report could compromise the safety of the two inmates and of the institution as a whole. Defendants further allege that the document contains no information that would be relevant to any of the claims or defenses in this case.

The Court has reviewed the confidential report and agrees with Defendants.  The report does not provide any information that would be useful to either party with respect to Plaintiff's allegations in his complaint.  The report details the informants' witness accounts of inmate Rodriguez's attack on Plaintiff.  However, Defendants do not dispute that Rodriguez attacked Plaintiff.  The essence of Plaintiff's claim against Defendant Flores is that Flores should not have sprayed Plaintiff with pepper spray because Plaintiff was in a dazed and confused state.  There is no mention of Flores in the confidential report and there is no information as to Flores' response to the attack and his use of pepper spray.  There is nothing in the report which could be used to support Plaintiff's claim.

On the other hand, disclosure of the report could substantially compromise the safety of the confidential informants and affect the ability of correctional staff to maintain institutional security.  Def.'s Mot. for Protective Order, Steele Decl. ¶¶ 3-13.  Accordingly, the Court finds good cause for granting defendant's motion for a protective order.  See Wood v. McEwen, 644 F2d. 797, 801-02 (9th Cir. 1981).

///

///

///

2

1

**ORDER**

2  Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for

3 protective order is GRANTED.  Defendants' are not required to disclose the confidential report

4 referenced herein.

5

6 IT IS SO ORDERED.

7  Dated: __**September 19, 2014**__   __/s/ *Dennis L. Beck*__

8             UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28